JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Felix E. Carr, Jr. & Kelly Klein-Carr, h/w

### DEFENDANTS
City of Reading, Chief William M. Heim, Kevin Haser and Stacie Courtesis

(b) County of Residence of First Listed Plaintiff: **Berks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Berks**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): (215) 496-8282
Michael F. Barrett/Ara Richard Avrigian
1650 Market St., Phila., PA 19103

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                          | PTF | DEF |                                              | PTF | DEF |
|--------------------------|-----|-----|----------------------------------------------|-----|-----|
| Citizen of This State    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 1983
Brief description of cause:
Civil Rights Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $150,000.00
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/24/11
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __620 Walnut Road, Birdsboro, PA 19508__

Address of Defendant: __815 Washington Street, Reading, PA 19601__

Place of Accident, Incident or Transaction: __Reading, Pennsylvania__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Ara Richard Avrigian__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __1/24/11__   _____   __67196__
                         Attorney-at-Law             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/24/11__   _____   __67196__
                         Attorney-at-Law             Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Felix E. Carr, Jr. <br> & Kelly Klein-Carr, h/w <br> v. <br> City of Reading, et al. | : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x )

| 1/24/11 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 496-8282 | (215) 496-0999 | AAvrigian@smbb.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELIX E. CARR, Jr. and KELLY KLEIN-CARR, h/w<br>620 Walnut Road<br>Birdsboro, PA 19508<br><br>v.<br><br>CITY OF READING<br>815 Washington Street<br>Reading, PA 19601<br>And<br>CHIEF WILLIAM M. HEIM<br>815 Washington Street<br>Reading, PA 19601<br>And<br>KEVIN HASER<br>815 Washington Street<br>Reading, PA 19601<br>And<br>STACIE COURTESIS<br>815 Washington Street<br>Reading, PA 19601 | CIVIL ACTION<br><br>No.<br><br><br>**THIS IS NOT AN ARBITRATION MATTER. A JURY OF TWELVE (12) PERSONS IS DEMANDED.** |

## COMPLAINT – CIVIL ACTION

### PARTIES

1. Plaintiff, Felix Carr, is an adult individual residing at 620 Walnut Road, Birdsboro, PA 19508.

2. Plaintiff, Kelly Klein-Carr, is the wife of plaintiff, Felix Carr, and is an adult individual residing at 620 Walnut Road, Birdsboro, PA 19508.

3. At all times relevant hereto, plaintiff, Felix Carr, has been employed as a police officer with the City of Reading Police Department.

4. Defendant, City of Reading, is a municipality of the first class in the Commonwealth of Pennsylvania, organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 815 Washington Street, Reading, PA 19601, and has consented to being sued and is being sued pursuant to the provisions of 42 Pa. C.S.A. § 8542.

5. Defendant, Chief William M. Heim, (hereinafter referred to as "Heim") is an adult individual and at all times relevant hereto has been employed as the Chief of Police with the City of Reading Police Department.

6. Defendants, Kevin Haser and Stacie Courtesis, are adult individuals and at all times relevant hereto have been employed as police officers with the City of Reading Police Department.

**JURISDICTION AND VENUE**

7. This action arises under the Constitution of the United States, particularly the First and Fourteenth Amendment, and under the laws of the United States, including Title 42 of the United States Code, §1983.

8. The jurisdiction of this Court is invoked pursuant to Title 28 of the United States Code, §1331, and §1343.

9. Venue is in this District because it is where all parties reside and where the events complained of occurred.

**FACTUAL BACKGROUND**

10. On January 24, 2010, plaintiff, Felix Carr, and defendants, Officer Haser and Officer Courtesis, were involved in the arrest of Xavier Conception. During the arrest, force was

used to take Mr. Concepcion into custody after which all the officers involved in Mr. Conception's arrest prepared Use of Force reports.

11. Officer Haser also prepared an Affidavit of Probable Cause, dated January 24, 2010, setting forth the events leading up to Mr. Conception's arrest. In his Affidavit, Officer Haser stated that Mr. Concepcion was actively resisting arrest and that it was difficult to get his hands behind his back in order to handcuff him. Officer Haser further stated in his Affidavit that he struck Mr. Concepcion several times in the head in order to gain compliance. Nowhere in the Affidavit did Officer Haser state that plaintiff, Felix Carr, used any force toward Mr. Concepcion.

12. On January 26, 2010, Captain Robert Shaefer received the Use of Force reports prepared by Officers Carr, Haser, and Courtesis. Captain Shaefer determined that the reports were incomplete and sent a memorandum to each officer asking for clarification to several questions he had regarding the incident.

13. In their supplemental responses, Officers Haser and Courtesis significantly changed their accounts of events which occurred on the morning of January 24, 2010, and stated that plaintiff, Sgt. Carr, used excessive force while attempting to place Mr. Concepcion under arrest. Specifically, they stated that plaintiff, Sgt. Carr, forcibly brought his foot on Mr. Concepcion's head at least twice and the force used was enough to cause injury.

14. After Officers Haser and Courtesis submitted their supplemental reports, Lieutenant Scott Weidner was instructed to conduct an investigation into this matter and actions taken by Officers Carr, Haser, and Courtesis on the morning of February 24, 2010.

15. During the course of Lt. Weidener's interviews, Officers Haser and Courtesis stated that while attempting to place Mr. Concepcion under arrest, they were struggling with him

3

on the ground attempting to handcuff him. They further stated that Mr. Concepcion would not place his hands behind his back so one of the officers struck him in the body with his flashlight and in the head with his hands in an attempt to stun the suspect and get his hands into cuffs. They also stated that plaintiff, Sgt. Carr, forcibly brought his foot on Mr. Concepcion's head at least twice and the force used was enough to cause injury.

16. The above-mentioned statements about plaintiff, Felix Carr, were willfully false and untrue.

17. As a result of false statements made by defendants, plaintiff, Felix Carr, was suspended from his usual duties as a police officer, and was assigned to the desk duty while the Reading Police Department was conducting an internal investigation into the events of the morning of January 24, 2010.

18. During the investigation, plaintiff, Felix Carr, applied for a position of a police officer with the Police Department of Swatara Township and successfully completed all entrance exams required for a police officer position. Felix Carr scored 85% or higher on the written examination and 80% on the oral examination. Based upon these results, Felix Carr's rank on eligibility list was 8.

19. In May 2010, Felix Carr retired from the Reading Police Department. In light of his retirement, Felix Carr and the City of Reading reached an agreement that any disciplinary action that the City was contemplating taking against him, would be rendered moot and that there will be nothing contained in his personal file relating to any potential discipline. Furthermore, to the extent that the City was contacted for the purposes of any potential employment, the City of Reading agreed to give Mr. Carr a neutral recommendation.

20. Contrary to this agreement, defendant Heim contacted the Police Department of Swatara Township and informed them about the alleged incident Mr. Carr was involved in as well as about the internal investigation and disciplinary proceeding undertaken by the Reading Police Department.

21. As a result of Chief Heim's wrongful actions, Felix Carr was asked to remove himself from the hiring process and the Civil Service Commission of the Lower Swatara Township disqualified him as an applicant for the position of Police Officer for the Lower Swatara Township Police Department.

## COUNT I – DEFAMATION (SLANDER)

### PLAINTIFF, FELIX CARR v. DEFENDANTS, CHIEF WILLIAM M. HEIM, KEVIN HASER, and STACIE COURTESIS

22. Plaintiffs incorporate by reference paragraphs 1 through 21, the same as if set forth fully at length herein.

23. Plaintiff, Felix Carr, avers that the statements made of, about, and concerning his use of force by defendants were willfully false and untrue.

24. At the time of publication, defendants knew or should have know that the statements in controversy were false as initial Use of Force reports prepared by Officers Haser and Courtesis as well as the Affidavit of Probable Cause prepared by Officer Haser contained no mentioning of any use of force by plaintiff. Therefore, defendants Haser and Courtesis acted with knowledge of falsity and defendant Heim acted with knowledge of falsity or reckless disregard for the truth.

25. Plaintiff avers that the statements made of, about, and concerning plaintiff by defendants were defamatory as they alleged that plaintiff used excessive force on Mr. Concepcion, thereby attributing official misconduct to the plaintiff.

26. The said false statements were communicated by defendants to third parties and were heard by listeners who were capable of understanding the statements' defamatory character.

27. The said statements were of, about, concerning, and applied to plaintiff as defendants directly attributed the alleged actions to plaintiff, by using his name, and a reasonable person would know that defendants were referring to plaintiff when making the above-stated allegations.

28. The statements made by defendants were understood by the third-party listeners to be defamatory in nature because they alleged violent acts considered by society to be inappropriate and offensive.

29. The statements made by defendants were understood by the third-party listeners to be intended to be applied to plaintiff because defendants referred to plaintiff by his name.

30. As a direct and proximate result of this defamatory publication, plaintiff has been exposed to hatred, contempt and ridicule to the extent that third parties are likely to hold plaintiff to a lower esteem than they otherwise would, and his reputation has been irreparably harmed; he has suffered great humiliation, past, present, and future emotional distress, anxiety, embarrassment, mental anguish, and loss of enjoyment of life.

31. As a direct and proximate result of this defamatory publication, plaintiff had to terminate his employment with the City of Reading Police Department and has unable to procure other employment as a police officer.

32. None of defendants were conditionally privileged to make such statements of, about, and concerning plaintiff to the third parties. In the alternative, if any of defendants were conditionally privileged to make such statements, such defendants abused the conditional privilege.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs, punitive damages, attorney's fees and such other relief as the Court may deem just and proper.

## COUNT II – DEFAMATION (SLANDER PER SE)

### PLAINTIFF, FELIX CARR v. DEFENDANTS, CHIEF WILLIAM M. HEIM, KEVIN HASER, and STACIE COURTESIS

33. Plaintiffs incorporate by reference paragraphs 1 through 32, the same as if set forth fully at length herein.

34. Plaintiff, Felix Carr, avers that the statements made of, about, and concerning plaintiff by defendants were false.

35. Plaintiff, Felix Carr, avers that the statements made of, about, and concerning plaintiff by defendants wrongfully imputed to plaintiff the commission of professional misconduct.

36. Defendants' statements consisted of words that impute upon plaintiff acts of official and professional misconduct.

37. As a direct and proximate result of this defamatory publication, plaintiff has been exposed to hatred, contempt and ridicule to the extent that third parties are likely to hold plaintiff to a lower esteem than they otherwise would, and his reputation has been irreparably harmed; he has suffered great humiliation, past, present, and future emotional distress, anxiety, embarrassment, mental anguish, and loss of enjoyment of life.

38. As a direct and proximate result of this defamatory publication, plaintiff had to terminate his employment with the City of Reading Police Department and has unable to procure another employment as a police officer.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs, punitive damages, attorney's fees and such other relief as the Court may deem just and proper.

## COUNT III – INVASION OF PRIVACY: PUBLICATION OF FACTS PLACING PLAINTIFF IN FALSE LIGHT

## PLAINTIFF, FELIX CARR v. DEFENDANTS, CHIEF WILLIAM M. HEIM, KEVIN HASER, and STACIE COURTESIS

39. Plaintiffs incorporate by reference paragraphs 1 through 38, the same as if set forth fully at length herein.

40. Plaintiff, Felix Carr, avers that the statements made of, about, and concerning plaintiff by defendants wrongfully and falsely placed plaintiff in false light which would be highly offensive to a reasonable person.

41. Defendants had knowledge and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which plaintiff would be placed.

42. As a direct and proximate result of this defamatory publication, plaintiff has been exposed to hatred, contempt and ridicule to the extent that third parties are likely to hold plaintiff to a lower esteem than they otherwise would, and his reputation has been irreparably harmed; he has suffered great humiliation, past, present, and future emotional distress, anxiety, embarrassment, mental anguish, and loss of enjoyment of life.

43. As a direct and proximate result of this defamatory publication, plaintiff had to terminate his employment with the City of Reading Police Department and has unable to procure other employment as a police officer.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs, punitive damages, attorney's fees and such other relief as the Court may deem just and proper.

## **COUNT IV – INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS**
## **PLAINTIFF, FELIX CARR v. DEFENDANTS, CITY OF READING, CHIEF WILLIAM M. HEIM, KEVIN HASER, and STACIE COURTESIS**

44. Plaintiffs incorporate by reference paragraphs 1 through 43, the same as if set forth fully at length herein.

45. Prior to terminating his employment with the City of Reading Police Department, plaintiff had successfully applied for a police officer position with the Lower Swatara Township Police Department and, but for the matters alleged in this complaint, would have been considered for a police officer position with the Lower Swatara Township Police Department.

46. After plaintiff resigned from the City of Reading Police Department's employ, defendant Heim did, in a negligent, careless, reckless, willful, and wanton manner, cause the plaintiff's good professional reputation to be slandered and libeled.

47. Defendant Heim wrongfully caused plaintiff's good professional reputation to be slandered and libeled with intent to harm plaintiff by disrupting all existing professional relations and by preventing any future professional relations between plaintiff and his existing and prospective employers.

48. Defendant Heim's false statements about plaintiff were made for the sole purpose of damaging plaintiff by causing a third party to refuse to enter into an employment relationship with the plaintiff.

49. As a direct and proximate result of defamatory statements spoken and published by defendants adversely reflecting on plaintiff's ability in his profession, plaintiff's existing and prospective professional relations have been seriously jeopardized, and plaintiff suffered immediate, irreparable, and substantial losses.

50. Due to defendant's wrongful and intentional interfering with plaintiff's existing and prospective professional relations, and slandering and libeling plaintiff in his professional and business reputation, plaintiff has been and continues to be immediately and irreparably harmed and injured and suffers a daily loss of income and profits.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs, punitive damages, attorney's fees and such other relief as the Court may deem just and proper.

## COUNT V – CIVIL RIGHTS CLAIM UNDER 42 U.S.C. § 1983

## PLAINTIFF, FELIX CARR v. DEFENDANTS, CITY OF READING and CHIEF WILLIAM M. HEIM

51. Plaintiffs incorporate by reference paragraphs 1 through 50, the same as if set forth fully at length herein.

52. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges the constitutionality of the actions of the City of Reading, City of Reading Police Department and Chief William M. Heim and other officials that resulted in the improper and baseless charges against plaintiff and his subsequent discharge from the police force.

53. Plaintiff, Felix Carr, had a property interest in his employment for which he is entitled to procedural and substantive due process protection under the Fifth and Fourteenth Amendments to the United States Constitution.

54. Defendants failed to provide plaintiff with proper notice of the charges against him and a fair and proper opportunity to respond.

55. Defendants deliberately, arbitrarily and capriciously instituted disciplinary proceedings against plaintiff and deprived plaintiff of his right to continued employment as a Reading police officer.

56. Defendants' denial of plaintiff's rights under Fifth and Fourteenth Amendments was egregious and irrational.

57. The unlawful actions of defendants were taken or ratified by final policy makers for the City of Reading and thus constitute policies, practices, customs and usages sufficient to impose municipal liability.

58. The acts of defendants were conducted under the color and pretense of the statutes, ordinances, policies, practices, customs, regulations and/or usages of the City of Reading and/or the Commonwealth of Pennsylvania.

59. Defendants acted in concert and without authorization of law, willfully, knowingly and purposely, with specific intent of depriving plaintiff of his constitutional rights.

60. Defendants knew and/or should have known that the charges of excessive force against plaintiff were untrue and without merit.

61. Despite their knowledge of the falsity of the claims against plaintiff, defendants willfully and egregiously proceeded with disciplinary proceedings against plaintiff.

62. Defendants manifested a deliberate indifference to plaintiff's constitutional rights.

63. The defendants developed policies, practices and customs which were not in accord with the Constitution of the United States and the Commonwealth of Pennsylvania and which were contrary to protection of the safety, rights, health and welfare of plaintiff, Felix Carr.

64. Defendants knew that their policies, procedures and customs would result in injury and denial of constitutional rights to plaintiff, Felix Carr.

65. Defendants' deliberate indifference to plaintiff's constitutional rights results from official positions, policies and/or well settled practices on the part of defendants so as to establish them as official policy.

66. The inadequacy of defendants' existing practices and policies was so likely to result in violation of plaintiff's constitutional rights that defendants can be reasonably said to have been deliberately indifferent to those rights.

67. As a direct and proximate result of the conduct of defendants, as aforesaid, plaintiff, Felix Carr, was caused to suffer those injuries, damages, suffering and losses described above, including loss of employment, loss of earnings, loss of future earning capacity, loss of reputation, emotional distress, injury to reputation, humiliation, embarrassment and all other damages properly recoverable under existing law.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs, punitive damages, attorney's fees and such other relief as the Court may deem just and proper.

## COUNT VI – WRONGFUL TERMINATION/CONSTRUCTIVE DISCHARGE
### PLAINTIFF, FELIX CARR v. DEFENDANTS, CITY OF READING, CHIEF WILLIAM M. HEIM, KEVIN HASER, and STACIE COURTESIS

68. Plaintiff incorporated by reference paragraphs 1 through 67, the same as if set forth fully at length herein.

69. At all times relevant to this cause of action, plaintiff worked for the City of Reading Police Department in a loyal, efficient and highly capable manner.

70. As stated above, during the internal investigation of the above-described incident which allegedly occurred on January 24, 2010, plaintiff, Felix Carr, was assigned to the desk duty instead of performing the usual police officer duties for which he was very well qualified.

71. As stated above, plaintiff was falsely accused of using excessive and unnecessary force during the arrest which took place on January 24, 2010.

72. By falsely accusing plaintiff of using unnecessary and excessive force and by assigning plaintiff, a highly-qualified police officer with excellent work performance history, defendants created a hostile work environment for plaintiff.

73. Under the circumstances, plaintiff's resignation was involuntary and amounted to a discharge.

74. As a direct and proximate result of defendants' actions, plaintiff has suffered continuing injury, including but not limited to loss of his job, loss of income, loss of benefits associated with his job, injury to his reputation and emotional anguish.

75. Defendants' actions were undertaken willfully and maliciously, with the intention of violating the public policy of this Commonwealth, depriving plaintiff of his constitutionally protected rights, and causing injury and emotional anguish to plaintiff.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs, punitive damages, attorney's fees and such other relief as the Court may deem just and proper.

## COUNT VII – LOSS OF CONSORTIUM

### PLAINTIFF, KELLY KLEIN-CARR v. DEFENDANTS, CITY OF READING, CHIEF WILLIAM M. HEIM, KEVIN HASER, and STACIE COURTESIS

76. Plaintiff incorporated by reference paragraphs 1 through 75, the same as if set forth fully at length herein.

77. At all times relevant to this action and to the conduct alleged herein, plaintiff Kelly Klein-Carr was the wife of plaintiff Felix Carr and regularly and continuously cohabited with and enjoyed the comfort and society of plaintiff Felix Carr.

78. In engaging in the conduct related above, defendants injured plaintiff Felix Carr as detailed herein.

79. As a direct and proximate result of the injuries sustained by plaintiff Felix Carr, Kelly Klein-Carr was deprived of the comfort and society of Mr. Carr and of normal familial relations.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs, punitive damages, attorney's fees and such other relief as the Court may deem just and proper.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY:_____
    MICHAEL F. BARRETT (MFB3028)
    ARA RICHARD AVRIGIAN (ARA7886)
    I.D. Nos. 42305/67196
    One Liberty Place, 52nd Floor
    1650 Market Street
    Philadelphia, PA 19103
    (215) 496-8282
    Fax (215) 496-0999

    Attorneys for Plaintiffs